**Sana Ullah BHATTI, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Alberto R. Gonzales, Attorney General, Respondent.**

No. 07–0657–ag.

United States Court of Appeals, Second Circuit.

Aug. 29, 2007.

Khagendra Gharti–Chhetry, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Cindy Ferrier, Senior Litigation Counsel, Hannah Baublitz, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Sana Ullah Bhatti, a native and citizen of Pakistan, seeks review of a January 24, 2007 order of the BIA denying his motion to reopen his removal proceedings and/or reconsider its earlier decision. *In re Sana Ullah Bhatti,* No. A78 514 408 (B.I.A. Jan. 24, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (*per curiam*). The BIA abuses its discretion if its decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34 (citation and internal quotation marks omitted).

Although it was styled a "Motion to Reopen/Reconsider," the BIA properly construed Bhatti's motion as a motion to reopen only and denied it as untimely. We find no error in the BIA's decision. A motion to reopen must be filed within 90 days after the date on which a final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(2). Here, Bhatti did not file his motion until over a year after the BIA's denial of his appeal. However, the time limit does not apply to a motion to reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is mate-

rial and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not err in finding that Bhatti had not established changed country conditions. The evidence submitted in support of his motion did not demonstrate that Pakistan's treatment of the Ahmadiyyah minority had changed in any significant way since his first hearing. None of the evidence Bhatti submitted showed what became of the police complaint filed by his father, including whether the police had investigated the April 2006 incidents. Further, the conclusory letter from Bhatti's minister does not establish any change in conditions in Pakistan. If anything, as noted by the BIA, the evidence Bhatti submitted demonstrated that there continues to be discord between the majority Muslim population and the Ahmadi minority, but not that any change had taken place since Bhatti's departure. Therefore, the BIA did not abuse its discretion in denying the motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.